**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosemarie Best,<br><br>              Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>              Defendant. | No. CV-21-08021-PCT-DGC<br><br>**ORDER** |

Plaintiff's attorney, John Phillips, moves for an award of attorney's fees under 42 U.S.C. § 406(b). Doc. 21. The Court will grant the motion.

**I.    Background.**

On January 26, 2022, the Court reversed Defendant's decision denying Plaintiff social security benefits and remanded the case for further administrative proceedings. Doc. 17. On remand, Plaintiff received $91,348 in past-due benefits. Docs. 21 at 9, 21-1.

Plaintiff's counsel now moves for attorney's fees under 42 U.S.C. § 406(b), requesting $22,837 for 127 hours of work performed in this case. Doc. 21 at 10. Defendant does not oppose the request. Doc. 23 at 2. The Court finds the requested amount to be reasonable and appropriate under § 406(b).[1]

---

[1] Plaintiff previously was awarded $12,945.51 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 21 at 2. This amount will be subtracted from the $22,837.00 to be awarded under § 406(b), and Plaintiff's counsel will receive the balance of $9,891.49. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

## II.     Legal Standard.

Section 406 establishes the "regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht*, 535 U.S. at 796. Section 406(b) states:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the Supreme Court discussed the meaning of the term "reasonable fee" in § 406(b). 535 U.S. at 792. The Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* The Court noted that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.*

## III.     Discussion.

The fee agreement between Plaintiff and counsel provides that counsel shall receive 25% of the past-due benefits award. Doc. 21-2. The Commissioner withheld $22,837 – 25% of the $91,348 in past-due benefits – for a possible fee award under § 406(b). Doc. 21-1 at 4.

The Court finds the requested fee amount of $22,837 to be reasonable, as it equates to an hourly rate of $180 ($22,837 divided by 127 hours). *See Encinas v. Colvin*, No. CV11-1063-PHX-DGC, 2015 WL 6152785, at *2 (D. Ariz. Oct. 20, 2015) (finding $410 to be "a reasonable rate given the inherent risk of contingent fee agreements") (citing cases); *see also* LRCiv 54.2(c)(3)(A)-(M) (listing factors bearing on the reasonableness of a fee award); *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983) (same). The Court will grant counsel's motion and award him $22,837 in attorney's fees under § 406(b), to

be paid out of the sums withheld by the Commissioner from Plaintiff's past-due benefits. Less the $12,945.51 in fees previously awarded under the EAJA, Plaintiff's counsel shall receive the balance of $9,891.49.

**IT IS ORDERED:**

1. The motion for attorney's fees under 42 U.S.C. § 406(b) (Doc. 21) is **granted**. The Court finds the requested amount of $22,837.00 to be reasonable.

2. Within 30 days from the date of this order, the Commissioner shall pay Plaintiff's counsel **$9,891.49** ($22,837 less the $12,945.51 awarded under the EAJA).

3. Plaintiff's counsel shall promptly provide Plaintiff with a copy of this order.

Dated this 29th day of May, 2025.

*David G. Campbell*
David G. Campbell
Senior United States District Judge